UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID IVERSON, | ) | CIVIL ACTION NO. 4:20-CV-1269 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| LT. REESE, *et al.,* | ) | |
| Defendants | ) | |

MEMORANDUM OPINION

## I.     INTRODUCTION

If true, David Iverson ("Plaintiff") suffered a horrific physical and sexual assault by corrections officers in a state prison. Defendants now move for a partial grant of summary judgment, arguing one defendant was not personally involved and the official capacity claim of another is barred by sovereign immunity. For the reasons that follow, Defendants' motion for partial summary judgment is GRANTED as follows:

(1)     Summary Judgment is GRANTED as to all claims against Defendant Powell.

(2)     Summary Judgment is GRANTED as to the official capacity claim asserted against Defendant Reese in Count I of the Amended Complaint.  Count I will proceed against Defendant Reese in his individual capacity only.

(3)     Defendant Reese is sued in his individual capacity only as to Counts Two, Three, and Six of the Amended Complaint, and those Counts will go forward.

II.    BACKGROUND & PROCEDURAL HISTORY

This action began when Lt. Reese, Corrections Officer Miller, Lt. Postopack, Captain Powell, C.O. A. Crawford, C.O. A. Chapman, and four John Doe state officials filed a Notice of Removal of David Iverson's Complaint. (Doc. 1). I allowed Plaintiff to file an Amended Complaint, (Doc. 26), so that is now the operative pleading.

On May 24, 2019, Plaintiff was housed at State Correctional Institute ("SCI") Mahanoy in a psychiatric observation cell. (Doc. 26, ¶ 10). While he was lying in bed that morning, Defendants Reese, Miller, Crawford, Chapman and Postupack entered Plaintiff's cell unannounced.[1] (Doc. 26, ¶ 12). Plaintiff alleges that Defendants Reese, Miller, Crawford and Chapman started attacking Plaintiff, (Doc. 26, ¶ 19), stripped him naked, (Doc. 26, ¶ 19), started piling on top of him, *Id.*, and pulled his arms behind his back until "it felt [that] his shoulder was dislocated, (Doc. 26, ¶ 21). During this assault, one defendant "had his knee planted between plaintiff's legs [and] crush[ed] the left testicle of the plaintiff." (Doc. 26, ¶ 22).

According to the complaint, the vicious assault did not stop there. Plaintiff alleges that one Defendant used "some kind of an object [to] penetrate[] the

---

[1] According to the Amended Complaint, Plaintiff has "past issues" with Defendant Reese. (*Id.* at ¶ 16). Additionally, Plaintiff claims that the officers had to bring a handheld video/audio camera with them when they entered Plaintiff's cell. (*Id.* at ¶ 15).

plaintiff's anal cavity." (Doc. 26, ¶ 22). Plaintiff screamed out in pain and yelled that he was being sexually assaulted, but the five officers laughed. (Doc. 26 ¶¶ 22-24). At some point, Defendant Reese ordered the other officers to bring a restraint char into the cell. (Doc. 26, ¶ 26). Plaintiff was placed in restraints and strapped into the chair. (Doc. 26, ¶ 27). Plaintiff alleges the "officers" pulled the restraints so tight "that half of the plaintiff's body was in unbearable pain and the other half went numb." (Doc. 26, ¶ 28). Plaintiff alleges that Defendant Postupack watched the assault, laughed during the sexual assault, and failed to do anything to stop the assault. (Doc. 26, ¶ 24).

Eventually, Plaintiff was sent to Reading Hospital "where he was given a rape-kit, medical attention for his shoulder, and was diagnosed with having a large hydrocele . . . on his left testic[le]," which was a result of Defendants' kneeing of his testicle. (Doc. 26, ¶ 29).

Plaintiff alleges that his testicle "has increased in abnormal size and pain" and is spreading to his right testicle. (Doc. 26, ¶ 30). However, the prison refuses to provide surgery to remove the hydrocele (swelling that occurs when fluid collects in the sheath surrounding a testicle). (Doc. 27, ¶ 31). Besides physical injury, Plaintiff suffers from psychological harm, as he "has nightmares, and is in fear of corrections officers." (Doc. 27, ¶ 34).  Plaintiff says, that the "smallest of noises awakes [him]

from [his] sleep, fearing that officers is opening his cell door to physically and/or sexually assault him." *Id.*

On January 2, 2020, Plaintiff filed a civil complaint in the Schuylkill County Court of Common Pleas. (Doc. 1, ¶ 1). On June 30, 2020, Defendants were served with the complaint. (Doc. 1, ¶ 2). On July 24, 2020, Defendants removed this action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1).

On June 7, 2021, Plaintiff filed an amended complaint. (Doc. 26). This amended complaint is now the operative complaint in this case.

Plaintiff named the following Defendants in his amended complaint:

(1)    C.O. A. Chapman;

(2)    C.O. A. Crawford;

(3)    Corrections Officer Miller;

(4)    Lt. Postopack;

(5)    Captain Powell; and

(6)    Lt. Reese.

Plaintiff brings the following six counts against Defendants:

(1)    An Eighth Amendment excessive force claim against Reese Miller, Crawford, and Chapman, made actionable by 42 U.S.C. § 1983;

(2)    A "battery, including sexual" claim against Reese, Miller, Crawford, and Chapman;

(3)     An Eighth Amendment cruel and unusual punishment claim against Reese, Miller, Crawford, and Chapman, made actionable by 42 U.S.C. § 1983;

(4)     An Eighth Amendment failure to intervene claim against Postopack, made actionable by 42 U.S.C. § 1983;

(5)     An Eighth Amendment deliberate indifference claim against Powell, made actionable by 42 U.S.C. § 1983; and

(6)     A conspiracy claim against Reese (official and individual capacity), Powell, Miller, Crawford, and Chapman.

In exchange for these alleged wrongs, Plaintiff seeks compensatory and punitive damages, along with "interest, cost of this suit, and such other relief as this Honorable Court may deem just." Additionally, Plaintiff seeks injunctive relief to receive hydrocele surgery against Defendant Reese. (*Id.* at ¶ 43).

On September 9, 2021, Defendants filed an answer. (Doc. 33). On October 7, 2021, Defendants filed a partial motion for summary judgment. (Doc. 35). Along with that motion, Defendants filed a statement of facts (Doc. 36), supporting exhibits (Docs. 36-1, 36-2), and a brief in support (Doc. 37). On December 23, 2021, Plaintiff filed a responsive statement of facts (Doc. 43) and brief in opposition (Doc. 44). Defendants did not file a reply. This motion is ready to decide.

III.     THE SUMMARY JUDGMENT STANDARD

We will examine the motion for summary judgment under a well-established standard. Rule 56(a) of the Federal Rules of Civil Procedure provides as follows:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). For purposes of Rule 56, a fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Haybarger v. Laurence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 412 (3d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.* (quoting *Anderson,* 477 U.S. at 248-49).

In adjudicating a summary judgment motion, the court must view the evidence presented in the light most favorable to the opposing party, *Anderson*, 477 U.S. at 255, and draw all reasonable inferences in the light most favorable to the non-moving party, *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). When the non-moving party's evidence contradicts that advanced by the movant, then the non-movant's must be taken as true. *Big Apple BMW*, 974 F.2d at 1363.

Provided the moving party has satisfied its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Instead, if the moving party has carried its burden, the non-moving party must then respond by identifying specific facts, supported by evidence, that show a genuine issue for trial, and it may not rely upon the allegations or denials of its pleadings. *See Martin v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007); *see also* Fed. R. Civ. P. 56(c). A non-moving party's failure to show a genuine issue of material fact for even one essential element of a claim after the moving party has met its burden renders all other facts immaterial, and it is enough to permit summary judgment for the moving party. *See Celotex*, 477 U.S. at 323. Further, once a moving party's burden has been met, a non-moving party's attack on settled legal precedent is also insufficient unless there is a significant justification for the opposition to precedent. *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1126, 1134 (2019).

Once the evidence is gathered, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make credibility determinations. *See Anderson*, 477 U.S. at 252. It instead must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. *Id.*; *see also Big Apple BMW*, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the factfinder to ascertain the believability and weight of the evidence.

*Big Apple BMW*, 974 F.2d at 1363. In contrast, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted); *NAACP v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 476 (3d Cir. 2011).

## IV.   DISCUSSION

Defendants present three arguments in support of their partial motion for summary judgment:

(1)   Defendant Powell had no personal involvement in the alleged assault of Plaintiff;

(2)   the official capacity claim against Defendant Reese is barred by sovereign immunity; and

(3)   Defendant Powell's conspiracy claim fails.

### A.   THERE IS NO MATERIAL DISPUTE OF FACT

Defendants set forth the following facts in their statement of material facts:

1.   David Iverson, the Plaintiff in this case (hereinafter "Plaintiff") was incarcerated in the State Correctional Institution at Mahanoy in May of 2019. See First Deposition of Plaintiff David Iverson,

attached as Exhibit A, 2:15-18. See also Second Deposition of Plaintiff David Iverson, attached as Exhibit B, 3:24-25, 4:1-2.

2.      Plaintiff was in a Psychiatric Observation Cell. Exhibit A, 6:21-25, 7:1- 2.

3.      Defendant Powell was the shift commander of the prison at the time. Exhibit B, 21:24-25, 22:1-3.

4.      Defendant Powell was not on scene during any part of the incident that underlies Plaintiff's action. Exhibit B, 28:11-13, 16-18.

(Doc. 36, pp. 1-2).

In his responsive statement of facts, Plaintiff admits each of these facts. (Doc. 43, p. 1).

B.      THE PARTIES AGREE THAT SUMMARY JUDGMENT SHOULD BE GRANTED AS TO ALL CLAIMS AGAINST DEFENDANT POWELL

Plaintiff asserted claims against Defendant Powell in his individual capacity in Counts Five (Eighth Amendment) and Six (conspiracy) of his amended complaint.

In Section I of their Argument, Defendants argue:

Defendant Powell, the shift commander at the time of this incident, was not present for any alleged assault on the Plaintiff. SMF ¶ 3, 4. Additionally, Defendant Powell could not have had the contemporaneous knowledge required for liability of a supervisor. Plaintiff's only basis for this claim relies completely on his own speculation as to a shift commander's job responsibilities. See Second Deposition of Plaintiff David Iverson, attached to SMF as Exhibit B, 29:14-25, 30:1-17. Therefore, he lacks the requisite personal involvement in any claims related to that incident, and summary judgment is appropriately granted in his favor on those claims.

(Doc. 37, p. 7).

In Section III of their Argument, Defendants argue:

Finally, Plaintiff purports to bring a conspiracy claim against a number of Defendants, including Defendant Powell. (ECF Doc. 26, Count VI). Plaintiff alleges that Defendant Powell and others entered his cell "without first allowing him to comply with being secured" and without a video camera in a conspiracy to use excessive force against him. (Id., ¶¶ 80-83).

The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch*, 914 F.2d 428, 432 n. 8 (3d Cir. 1990); *see also Colburn v. Upper Darby Twp.* ., 838 F.2d 663 (3d Cir. 1988). The essence of a conspiracy claim is an agreement or concerted action between individuals. *See D.R. by L.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992); *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991).

Here, the record evidence shows that Defendant Powell did not enter Plaintiff's cell and was not on scene during any part of the incident that underlies Plaintiff's action. Exhibit B, 28:11-13, 16-18. As a result, Plaintiff cannot prove that Defendant Powell entered his cell as alleged and used excessive force against him. Defendant Powell is therefore entitled to summary judgment in his favor on Plaintiff's conspiracy claim.

(Doc. 37, pp. 9-10).

In response to both of Defendants' arguments, Plaintiff writes:

After review of discovery the plaintiff agrees on Defendant Powell's noninvolvement to the constitutional violations committed by his subordinates, where he should be therefore dropped from this suit.

(Doc. 44, p. 2). Similarly, in his own questions presented section, Plaintiff indicates that summary judgment should be granted with respect to Defendants' first and third arguments.

Based on  the parties agreement, summary judgment will be granted as to all claims against Defendant Powell.

C.    PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANT REESE

Defendants contend that all official capacity claims against Defendant Reese should be dismissed because he is protected by Eleventh Amendment immunity. (Doc. 37, pp. 8-9). They do not seek summary judgment as to any *individual* capacity claims against Defendant Reese. Specifically, Defendants argue:

> The Eleventh Amendment to the United States Constitution precludes lawsuits against a state in federal court, regardless of the type of relief sought. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89 (1984). The Eleventh Amendment provides:
>
> > The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
>
> It has long been held that the Eleventh Amendment likewise bars a citizen from bringing suit against his or her own state in federal court. *Pennhurst*, 465 U.S. at 98 (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).
>
> A state includes Commonwealth agencies who are immune from suit in federal court under the Eleventh Amendment. *Lusick v. Philadelphia*, 549 Fed. Appx. 56, 58 n.2 (3d Cir. 2013) (citing *Benn v. First Judicial*

*Dist. of Pa.*, 426 F.3d 233, 236 (3d Cir. 2005)); *Draper v. Darby Township Police Department*, 777 F.Supp.2d 850, 854 (E.D. Pa. 2011). Likewise, each individual Defendant acting in his or her official capacity also has Eleventh Amendment immunity. *See, e.g., Ellington v. Cortes*, 532 Fed. Appx. 53, 56 (3d Cir. 2013).

In this case, Plaintiff purports to sue Defendant Reese in his individual and official capacity. (ECF Doc. 26, ¶ 4). Because Defendant Reese enjoys Eleventh Amendment immunity from suit, he is entitled to judgment in his favor as to Counts I, II, III, and VI of the Amended Complaint based on his official capacity.

(Doc. 37, pp. 8-9).

### 1.     Plaintiff Argues He Is Not Asserting an Official Capacity Claim Against Defendant Reese in Counts II, III, or VI

In his Amended Complaint, Plaintiff alleges:

4.     Defendant Corrections Officer Lieutenant Ryan Reese is an adult (male) individual with a place of business at SCI@Mahanoy, 201 Morea Rd, Frackville Pa. 17932. At all times pertinent to this complaint, Defendant Reese served as the Lieutenant-in-charge of the source Level 5 Housing Unit and/or all Level-5 housed inmates being housed in the Psychiatric Observation Cells (P.O.C.) in SCI-Mahanoy's Medical Department. He is being sued in his official and individual capacity.

(Doc. 26, ¶ 4). Defendant Reese is named in Counts One (Eighth Amendment), Two (Battery), Three (8th Amendment), and Six (Conspiracy) of the Amended Complaint. No Count specifies whether it is asserted against Defendant Reese in his official or individual capacity.

Defendants have reasonably construed the Amended Complaint as alleging claims against Defendant Reese in his individual and official capacity in Counts One, Two, Three, and Six.

In his brief in opposition, Plaintiff clarifies that, although Count One is asserted against Defendant Reese in his official and individual capacity, Counts Two, Three and Six are asserted against Defendant Reese in his individual capacity only. (Doc. 44, p. 3) ("the plaintiff (in his Amended Complaint) is suing Defendant Reese (as a state official in his individual capacity for counts I, II, III, and VI and in his official capacity (only for count 1), d[ue] to the injunctive relief requested in that specific relief.").

Accordingly, I find that Defendant Reese is not sued in his official capacity as to Counts II, III, or VI of the Amended Complaint.

> **2.     Whether Summary Judgment Should be Granted in Defendants' Favor As to The Official Capacity Claim Against Defendant Reese in Count I**

In Count I of his Amended Complaint, Plaintiff alleges:

Count I—Excessive Force
David Iverson
v.
Lt. Reese, C.O.1. D. Miller, C.O. A. A. Crawford and C.O.1. A. Chapman

. . . .

37.    The conduct of the above defendant constituted the unnecessary and wanton infliction of pain which constitutes cruel and unusual punishment.

38.     The force applied by the named defendants as set forth above was applied maliciously and sadistically for the very purpose of causing harm.

39.     The force applied by the named defendants as set forth above was not part of a good faith effort to maintain or restore discipline, and their failure to abide by their own established procedures or standings evinces their improper objective.

40.     The above named defendants therefore used excessive force against Mr. Iverson and in doing so deprived Mr. Iverson of his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution.

41.     The deprivation of Mr. Iverson's constitutionally protected eights is actional pursuant to 42 U.S.C. § 1983.

42.     As a result of the actional conduct of the named defendants set forth in this count, Mr. Iverson suffered damages including physical pain, disfigurement, discomfort, and other physical harm and fear, humiliation, mental anguish, and other emotional and mental harm.

43. The deprivation of Mr. Iverson's constitutionally-protected rights by each defendant as set forth in this court was malicious, wanton, and reckless and evidence a callous disregard for Mr. Iverson's rights and was motivated by ill will or spite toward Mr. Iverson.

WHEREFORE, Plaintiff David Iverson request that this Honorable Court enter judgment in favor of the plaintiff and against defendants jointly and severally for compensatory damages (**including injunctive relief against Defendant Reese, to have the hydrocele surgery done on the plaintiff as described in exhibit 1 at page 4 of 6**), punitive damages along with interest against each defendant, cost of this suit, and any other relief as this Honorable Court may deem just.

(Doc. 26, ¶¶ 37-43) (emphasis added).

Plaintiff argues that in Count I of this Amended Complaint he requested a form of prospective relief—to have the hydrocele that formed as a result of the Defendants' alleged actions surgically removed. Specifically, Plaintiff argues:

> As to the defendants argument concerning count I of plaintiff's Amended Complaint, their only argument is as stated: "The Eleventh Amendment to the United States Constitution precludes lawsuits against a state in federal court regardless of the type of relief sought," in which they rely on the authority of Kentucky v. Graham, 473 U.S. 159, 165-67 (1985). However, the plaintiff is not suing the Department of Corrections or naming the D.O.C. as a defendant, the plaintiff is specifically suing Defendant Reese in his official capacity (only in count 1 of plaintiff's amended complaint) due to the injunctive relief that is requested in count 1. (plaintiff's Amended Complaint at pg. 9 of 18 at pp. 43). As to the defendants preferred case law of Kentucky v. Graham the caselaw hold the following authority, "You can sue a state official but not the state itself for an injunction in her official capacity." Kentucky v. Graham, 473 U.S. at 167 n. 14. Also with regard to the Federal claims in {2008 U.S. Dist. LEXIS 26} Plaintiffs cannot sue defendants in their official capacities for monetary damages, as such claims are barred by the Eleventh Amendment. However, that Amendment does not bar suits for injunctive or equitable relief against individuals in their official capacities.
>
> Because Defendant Reese is an individual and not the state itself, the plaintiff did not err in suing Lt. Reese in his official capacity in count 1 of plaintiffs Amended Complaint as set forth in the above caselaw (Id.) Thus, Defendant Reese do not enjoy Eleventh Amendment immunity form this suit, he is not entitled to judgment in his favor as to counts I, II, III and VI of Plaintiff Amended Complaint and no claims should be drop against Defendant Reese based on his official capacity.

(Doc. 44, pp. 3-4).

Defendants did not respond to this argument in a reply. Defendants' brief in support does not discuss the prospective injunctive relief requesting in Count I of the Amended Complaint.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . ." U.S. Const. amend. XI. By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state.

However, a state's Eleventh Amendment protection from federal suits is not absolute. As the Third Circuit has previously explained:

> Two established exceptions to the Eleventh Amendment's bar permit individuals to sue states. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, Congress may authorize such a suit under its power "to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance." *Id*. (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)). Under this exception, Congress abrogates a state's sovereign immunity "when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.' " [*Bd. of Trustees of the Univ. of Ala. v.*] *Garrett*, 531 U.S. [356, 363 (2001)], (quoting *Kimel v. Bd. of Regents*, 528 U.S. 62, 73 (2000)). Second, a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank*, 527 U.S. at 670 (citing *Clark v. Barnard*, 108 U.S. 436 (1883)); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). Of course, in addition, a person seeking purely prospective relief against state officials for ongoing violations of federal law may sue under the "legal fiction" of *Ex parte Young*, 209 U.S. 123, 159–60 (1908), despite the text of the Eleventh Amendment. *See Alden* [*v. Maine*], 527 U.S. [706, 757 (1999)].

*Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). In determining whether the doctrine of *Ex parte Young* avoids and Eleventh Amendment bar to suit in this case, the Court must determine: (1) whether Plaintiff's amended complaint alleges an ongoing violation of federal law; and (2) whether Plaintiff's amended complaint seeks relief properly characterized as prospective. *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002).

A straightforward inquiry into Plaintiff's claims leads to the conclusion that he does not allege an ongoing violation of federal law in Count I, or in any other count, of his amended complaint. As summarized in Section II of this opinion, Plaintiff alleges § 1983 claims against Defendant Reese related to the use of excessive force during the physical and sexual assault (Count I), the use of excessive force when Plaintiff was placed in the restraint chair following the physical and sexual assault (Count III), and a conspiracy claim related to the assault (Count VI). These claims involve events that occurred on May 24, 2019. There is no indication that any of these federal claims involves a continuing violation of Plaintiff's rights. *See e.g.*, *Salaman v. DeJesus*, 2008 WL 160592 at *3 (D. Conn. Jan. 15, 2008) (holding that a Plaintiff's request for declaratory relief against state officials based on the use of excessive force during an arrest was barred by the Eleventh Amendment because the conduct complained of already occurred); *Hudson v. Gordy*, 2020 WL 4912619 at *3 (N.D. Ala. July 14, 2020) (finding that official

capacity claims against Defendants were barred by the Eleventh Amendment because his excessive force claim was premised on an incident that occurred in the past and is not a continuing violation); *compare Guthrie v. Wetzel,* 2021 WL 6495053 (M.D. Pa. Dec. 13, 2021) *report and recommendation adopted by* 2022 WL 122372 (M.D. Pa. Jan. 12, 2022) (finding that a plaintiff's requests for injunctive relief arising from a denial of medical care claim from defendants sued in their official capacity, including access to necessary healthcare and surgery, was not barred by the Eleventh Amendment).

Accordingly, because Plaintiff's request for surgery is related to a past violation, and not a continuing one, Plaintiff's official capacity claim against Defendant Reese will be dismissed. Plaintiff's individual capacity claim against Defendant Reese is permitted to proceed.

[The next page contains the Conclusion]

V.      CONCLUSION

For the aforementioned reasons, Defendants' Motion for Partial Summary

Judgment will be GRANTED as follows:

(1)    Summary Judgment is GRANTED as to all claims against Defendant
       Powell.

(2)    Summary Judgment is GRANTED as to the official capacity claim
       asserted against Defendant Reese in Count I of the Amended
       Complaint.   Count I will proceed against Defendant Reese in his
       individual capacity only.

(3)    Defendant Reese is sued in his individual capacity only as to Counts
       Two, Three, and Six of the Amended Complaint, and those Counts will
       go forward.

(4)    An appropriate Order will be issued.

Date: September 14, 2022              BY THE COURT

                                      *s/William I. Arbuckle*
                                      William I. Arbuckle
                                      U.S. Magistrate Judge